SUMMARY ORDER

Appellants Clarke et al. appeal from judgments by the United States District Court for the Southern District of New York (Lynch, J.), after a jury verdict, dismissing the complaint and denying judgment as a matter of law. We assume the parties’ familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.
This case falls squarely under the previously decided Singh v. City of New York, 524 F.3d 361 (2d Cir.2008). In Singh, a group of inspectors with the Fire Alarm Inspection Unit of the New York Fire Department brought a claim under the Fair Labor Standards Act (“FLSA”), as amended by the Portal-to-Portal Act, demanding compensation for their commuting time because they were required by their employer to transport and protect inspection documents. Id. The collective weight of their materials was between 15 and 20 pounds. Id. at 365.
We analyzed the claim in two parts, looking first to whether plaintiffs were entitled to compensation for the entire commute and, if not, whether they were entitled to compensation for the additional commuting time that resulted from their transport of these materials. Id. at 366-67. For the first part of the analysis, we applied a “predominant benefit test,” asking whether the employer’s restrictions hindered the employees’ ability to use *634 their commuting time as they otherwise would have. Id. at 369. We determined that the inspectors’ commute was not materially altered by their document transport responsibilities, and thus they were not entitled to compensation for the entire commute. Id. at 370. We then looked to the second part of the test to determine if the additional commuting time that resulted from the transport of the documents was compensable. Id. While noting that the additional time was time spent “necessarily and primarily for the benefit of the City” and thus was compensable, we looked to a three-part test to determine if such compensable time qualified as de minimis. Id. The three factors were: “(1) the practical administrative difficulty of recording additional time; (2) the size of the claim in the aggregate; and (3) whether the claimants performed the work on a regular basis.” Id. at 371. Under this test, we determined that the additional commuting time was de minimis as a matter of law. Id. Thus, none of the plaintiffs’ commuting time was compensable under the FLSA. Id. at 372.
The facts of the case before us are materially indistinguishable from Singh. Plaintiffs in this case, like Singh, are responsible for the transport of a 20-pound bag of equipment.[1] This 20-pound bag, however, does not burden the plaintiffs to such a degree as to make the City the predominant beneficiary of their commute. Their responsibility is limited to transporting the bag; there are no other active work-related duties required during the commute. Transporting a bag in a car trunk, or at plaintiffs’ feet on a train or bus, allows them to use their commuting time as they wish. To the extent that the bag adds time to their commute, we find, just as in Singh, that such time is de minimis and non-compensable.
We reviewed the jury instructions and found no error.
For the foregoing reasons, the judgment of the district court is AFFIRMED.

. Though there appeared to be a dispute at trial as to the weight of the equipment, Appellants’ brief uses an estimate of "at least 20 pounds.”